IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTICE FOR MIGRANT FAMILIES, PRISONERS' LEGAL SERVICES OF NEW YORK, and ROBERT F. KENNEDY HUMAN RIGHTS,<br><br>      Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>      Defendant. | Civil Action No. 1:22-CV-929 LJV |

## ANSWER

Defendant, U.S. Immigration and Customs Enforcement ("ICE" or "Defendant"), hereby answers the claims brought under the Freedom of Information Act ("FOIA") by Plaintiffs Justice for Migrant Families ("JFMF"), Prisoners' Legal Services of New York ("PLS"), and Robert F. Kennedy Human Rights ("RFKHR") (collectively, "Plaintiffs") in their Complaint (ECF No. 1) as follows:

### FIRST DEFENSE

Defendant reserves the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Federal Rule of Civil Procedure ("Rule") 8(c).

### SECOND DEFENSE

Plaintiffs are not entitled to any relief that is not provided for in 5 U.S.C. § 552(a)(4)(B).

## THIRD DEFENSE

Plaintiffs are not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusions to FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

## FOURTH DEFENSE

As to some or all of the claims asserted in this action, Plaintiffs have failed to state a claim upon which relief may be granted under FOIA.

## FIFTH DEFENSE

Plaintiffs are not entitled to attorneys' fees or costs.

## SIXTH DEFENSE

Plaintiffs' complaint contains immaterial and impertinent allegations that should be stricken by the Court on its own pursuant to Rule 12(f)(1).

## RESPONSES TO NUMBERED PARAGRAPHS

Defendant denies each and every allegation contained in the Complaint except as may have been expressly admitted herein. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

## INTRODUCTION[1]

1.  The allegations in Paragraph 1 constitute Plaintiffs' characterization of their case and the nature of the action to which no response is required. Defendant admits that Plaintiffs submitted a FOIA request to ICE in or about March 2022. Defendant avers that the document speaks for itself, refers the Court to the document for a full and accurate statement of its contents, and denies any allegations inconsistent therewith. Defendant denies the remaining allegations.

2.  Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2.

3.  The allegations contained in Paragraph 3 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant denies the allegations.

4.  The allegations contained in Paragraph 4 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant denies the allegations.

5.  Paragraph 5 contains Plaintiffs' characterizations of their FOIA request to which no response is required. To the extent a response is required, Defendant avers that the FOIA request speaks for itself, and denies any allegations inconsistent therewith. Defendant lacks knowledge or information sufficient to admit or deny the allegations as to why the FOIA request was submitted. Defendant denies the remaining allegations contained in Paragraph 5.

---

[1] Merely for ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

6. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6.

7. Defendant admits that it has yet to respond to Plaintiffs' FOIA request with any non-exempt responsive information. The remaining allegations contained in Paragraph 7 do not set forth a claim for relief or aver facts in support of a claim to which a response is required or contain conclusions of law to which no response is required. To the extent a response is required, Defendant denies the remaining allegations contained in in Paragraph 7.

## JURISDICTION AND VENUE

8. This paragraph contains conclusions of law to which no response is required. To the extent that a response is required, Defendant admits only that this Court has jurisdiction subject to the limitations of FOIA. Defendant further avers that the statutes cited speak for themselves, refers the Court to the cited statutes for a full and accurate statement of their contents, and denies any allegations inconsistent therewith.

9. This paragraph contains conclusions of law to which no response is required. To the extent that a response is required, Defendant admits only that venue is proper in the judicial district. Defendant further avers that the statutes cited speak for themselves, refers the Court to the cited statutes for a full and accurate statement of their contents, and denies any allegations inconsistent therewith.

## PARTIES

10. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10.

11. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11.

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12.

13. Defendant admits that it is a federal agency that is headquartered in Washington, D.C. The remaining allegations in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, Defendant avers that the statute cited speaks for itself, refers the Court to the statute for a full and accurate statement of its contents, and denies any allegations inconsistent therewith. Defendant denies the allegations contained in the second sentence of paragraph 13.

## LEGAL FRAMEWORK OF FOIA

14. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statute cited speaks for itself, refers the Court to the cited statute for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

15. Paragraph 15 contains Plaintiffs' characterization of a court decision to which no response is required. To the extent a response is required, Defendant avers that the court decision cited by Plaintiffs speaks for itself, refers the Court to that decision for a full and accurate statement of its contents, and denies any allegation inconsistent therewith.

16. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statutes cited speak for themselves, refers the Court to the cited statutes for a full and accurate statement of their contents, and denies any allegations inconsistent therewith.

17. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statute cited speaks for itself, refers the Court to the cited statute for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

18. Paragraph 18 contains Plaintiffs' characterization of a court decision to which no response is required. To the extent a response is required, Defendant avers that the court decision cited by Plaintiffs speaks for itself, refers the Court to that decision for a full and accurate statement of its contents, and denies any allegation inconsistent therewith.

19. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statutes cited speak for themselves, refers the Court to the cited statutes for a full and accurate statement of their contents, and denies any allegations inconsistent therewith.

20. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statutes cited speak for themselves, refers the Court to the cited statutes for a full and accurate statement of their contents, and denies any allegations inconsistent therewith.

21. Paragraph 21 contains Plaintiffs' characterization of a court decision to which no response is required. To the extent a response is required, Defendant avers that the court decision cited by Plaintiffs speaks for itself, refers the Court to that decision for a full and accurate statement of its contents, and denies any allegation inconsistent therewith.

22. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statute cited speaks for itself, refers the Court to the cited statute for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

## FACTUAL ALLEGATIONS

**The FOIA Request**

23.     Defendant admits that Plaintiffs submitted a FOIA request to ICE on or about March 30, 2022. The remaining allegations contained in Paragraph 23 contain Plaintiffs' characterization of the March 30, 2022, FOIA request to which no response is required. To the extent a response is required, Defendant avers that the FOIA request speaks for itself, refers the Court to the request for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

**ICE's Failure to Respond to the FOIA Requests**

24.     This paragraph contains conclusions of law to which no response is required. Defendant avers that the statutes cited speak for themselves, refers the Court to the cited statutes for a full and accurate statement of their contents, and denies any allegations inconsistent therewith. ICE acknowledged and responded to Plaintiffs' FOIA request on June 2, 2022, and denies the remaining allegations in paragraph 24.

25.     ICE admits that Plaintiffs e-mailed Defendant on April 29, 2022, and May 12, 2022. Defendant avers that the e-mails speak for themselves and respectfully refers the Court to the      e-mails for a full and accurate statement of their contents. Defendant denies the remaining allegations in Paragraph 25.

26.     This paragraph contains conclusions of law to which no response is required. Defendant avers that the statutes cited speak for themselves, refers the Court to the cited statutes for a full and accurate statement of their contents.  ICE admits that it acknowledged and responded to Plaintiffs' FOIA request on June 2, 2022. Defendant avers that the acknowledgment speaks for itself and respectfully refers the Court to the acknowledgment for

7

a full and accurate statement of its contents. Defendant denies the remaining allegations in Paragraph 26.

**ICE's Failure to Provide Records**

27. Defendant admits that Plaintiffs submitted an Administrative Appeal on June 16, 2022. Defendant avers that the Administrative Appeal speaks for itself, refers the Court to the Appeal for a full and accurate statement of its contents, and denies any allegations inconsistent therewith. The remaining allegations contained in Paragraph 27 contain conclusions of law to which no response is required.

28. Admit that on June 21, 2022, ICE acknowledged Plaintiffs' FOIA Appeal and assigned it the reference number 2022-ICAP--00757. Defendant avers that the acknowledgment speaks for itself and respectfully refers the Court to the acknowledgement for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

29. Admit that on July 13, 2022, ICE remanded Plaintiffs' FOIA appeal to the ICE FOIA Office. Defendant avers that the remand speaks for itself and respectfully refers the Court to the remand for a full and accurate statement of its contents, and denies any allegations inconsistent therewith. Defendant denies the remaining allegations in Paragraph 29.

30. Admit that on August 11, 2022, ICE e-mailed Plaintiffs. Defendant avers that the e-mail speaks for itself and respectfully refers the Court to the e-mail for a full and accurate statement of its contents and denies any allegations inconsistent therewith. Defendant denies the remaining allegations in Paragraph 30.

31. Defendant admits that Plaintiffs responded to Defendant's e-mail dated August 11, 2022, on September 9, 2022. Defendant avers that the Plaintiffs' response speaks for itself and respectfully refers the Court to the response for a full and accurate statement of its contents and denies any allegations inconsistent therewith. The remaining allegations contained in Paragraph 31 contain conclusions of law to which no response is required. Defendant avers that the statutes cited speak for themselves, refers the Court to the cited statutes for a full and accurate statement of their contents, and denies any allegations inconsistent therewith.

32. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statutes cited speak for themselves, refers the Court to the cited statutes for a full and accurate statement of their contents, and denies any allegations inconsistent therewith.

33. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statutes cited speak for themselves, refers the Court to the cited statutes for a full and accurate statement of their contents, and denies any allegations inconsistent therewith.

**CAUSES OF ACTION**

**Count 1**

**Violation of FOIA, 5 U.S.C. § 552(a)(3)(A), for Failure to make Promptly Available the Records Sought by Plaintiffs' Request**

34. Defendant incorporates its responses to Paragraphs 1 through 33 set forth above.

35. This paragraph contains conclusions of law to which no response is required.

36. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statute cited speaks for itself, refers the Court to the cited statute for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

## Count 2

### Violation of FOIA, 5 U.S.C. § 552(a)(6)(A)(i), for Failure to Timely Respond to Plaintiffs' Request with the Required "Determinations"

37. Defendant incorporates its responses to Paragraphs 1 through 36 set forth above.

38. This paragraph contains conclusions of law to which no response is required.

39. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statutes cited speak for themselves, refers the Court to the cited statutes for a full and accurate statement of their contents, and denies any allegations inconsistent therewith.

## Count 3

### Violation of FOIA, 5 U.S.C. § 552, for Wrongful Denial of Statutory Fee Waiver

40. Defendant incorporates its responses to Paragraphs 1 through 39 set forth above.

41. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statute cited speaks for itself, refers the Court to the cited statute for a full and accurate statement of its contents, and denies any allegations inconsistent therewith.

42. Paragraph 42 contains Plaintiffs' characterizations of their FOIA request to which no response is required. To the extent a response is required, Defendant avers that the FOIA request speaks for itself, and denies any allegations inconsistent therewith.

43. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 43.

44. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statutes cited speak for themselves, refers the Court to the cited statutes for a full and accurate statement of their contents, and denies any allegations inconsistent therewith.

45. This paragraph contains conclusions of law to which no response is required. Defendant avers that the statutes cited speak for themselves, refers the Court to the cited statutes for a full and accurate statement of their contents, and denies any allegations inconsistent therewith.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint contains Plaintiffs' requested relief to which no response is required. To the extent that this paragraph may be deemed to contain factual allegations, they are denied.

Dated:  January 18, 2023			Respectfully submitted,

				TRINI E. ROSS
				United States Attorney

			By: /s/  Scott Leeson Sroka
				SCOTT LEESON SROKA
				Assistant United States Attorney
				138 Delaware Avenue
				Buffalo, New York 14202
				Telephone: 716-843-5831
				Email: Scott.Sroka@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of January, 2023, that service of the foregoing **Answer** has been made on counsel of record through the Court's ECF system.

/s/ *Scott Leeson Sroka*
SCOTT LEESON SROKA
Assistant United States Attorney
138 Delaware Avenue
Buffalo, New York 14202
Telephone: 716-843-5831
Email: Scott.Sroka@usdoj.gov