**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF  NEW YORK**

**ROBERT F. KENNEDY HUMAN RIGHTS,**

**PRISONERS' LEGAL SERVICES OF**
**NEW YORK,**

**and**

**JUSTICE FOR MIGRANT FAMILIES**

                              **Plaintiffs,**

**v.**
                                                          **22-CV-929 LJV(HKS)**

**U.S. IMMIGRATION AND CUSTOMS**
**ENFORCEMENT,**

                              **Defendant.**

                    <u>**DECISION AND ORDER**</u>

            On March 30, 2022, plaintiffs submitted a Freedom of Information Act

("FOIA"), request to U.S. Immigration and Customs Enforcement ("ICE"), seeking

information pertaining to policies and conditions at ICE facilities under the purview of

the Buffalo Field Office, including the Buffalo Service Processing Center in Batavia,

New York ("Batavia"). Dkt. #1-1. ICE acknowledged receipt of plaintiffs' FOIA request

on June 2, 2022. Dkt. #1-2. Plaintiff's submitted an administrative appeal seeking a

response to their FOIA request on June 16, 2022. Dkt. #1-3. ICE responded on August

11, 2022 that plaintiffs' FOIA request was too broad in scope and did not specifically

identify the records sought or only posed questions to the agency. Dkt. #1-6. Plaintiffs'

disputed ICE's response and requested that ICE process its FOIA request as submitted

or provide further guidance as to what additional information was needed to process the

request . Dkt. #1-7. ICE closed the FOIA request, prompting this action alleging violations of 5 U.S.C. § 552a and seeking an order directing ICE to perform adequate searches and provide all non-exempt records that are responsive to plaintiff's FOIA request. Dkt. #1. ICE answered the complaint on January 18, 2023. Dkt. #7.

In response to the Court's Order regarding the issuance of a Case Management Order, the parties reported that they could not agree on a schedule for the processing and production of documents responsive to plaintiffs' FOIA request. Dkt. #15. Specifically, plaintiffs propose that ICE **produce 2,000 pages** of responsive records monthly, while ICE proposes that it **process 500 pages** of records per month. Dkt. #15.

Plaintiffs argue that they have repeatedly requested information regarding search terms utilized and custodians searched, but ICE has refused to disclose such information until all responsive records have been produced. Dkt. #18, pp.2-3. Plaintiffs further argue that at a rate of 500 pages of records produced each month, it will take years for ICE to produce responsive records. Dkt. #18, pp.3 & 6. Plaintiffs ask the Court to set a deadline for ICE to move for summary judgment with respect to the adequacy of their search that is prior to the completion of production to "ensure a reasonable fit between the search conducted and the records requested." Dkt. #18, p.4. Plaintiffs note that parties to FOIA litigation commonly collaborate to identify likely custodians of responsive records and adequate search terms as a means of promoting efficiency. Dkt. #18, pp.4-5.

ICE argues that that a production requirement of 2,000 pages per month is unrealistic and that plaintiffs FOIA request, which seeks 132 subcategories of records dating back to 2019, is overbroad. Dkt. #19, pp.1-2. ICE states that it is about to provide plaintiffs with an initial production of 502 pages of responsive records and argues that a commitment to review and process 500 pages of records per month is reasonable and realistic considering the limited staff available to respond to a significant number of FOIA cases in litigation. Dkt. #19, pp.5-7. ICE argues that joint status reports are sufficient to enable the Court to monitor progress and address disputes regarding the scope of the search and/or rate of document production and further argues that it cannot move for summary judgement as to the adequacy of its search while the search is ongoing. Dkt. #19, pp.2-5.

Plaintiffs reply that they seek to ensure the adequacy of ICE's search at the outset so as to avoid unnecessarily protracting this litigation. Dkt. #20, p.1. Plaintiffs emphasize that FOIA mandates that records be made "promptly available" and argues that addressing the adequacy of the search now would narrow and streamline the issues in this litigation and prevent an over inclusive search that would require ICE to review nonresponsive records or an under inclusive search that would require additional searches at a later date. Dkt. #20, p.3. Plaintiffs seek an early deadline for summary judgment on the adequacy of the search because ICE has made clear that it will not voluntarily provide information about its search until it has completed its production, thereby preventing plaintiffs from identifying issues regarding ICE's search through joint status reports. Dkt. #20, pp.3-4. Plaintiffs challenge ICE's representation regarding its

ability to produce records as unsubstantiated, noting that publicly reported data indicates that the number of FOIA requests have fallen significantly in the past several years and arguing that ICE's decision to devote only six employees to FOIA litigation should not be allowed to compromise compliance with FOIA . Dkt. #20, pp.5-6.

FOIA was enacted to facilitate public access to government documents. *U.S. Dep't of State v. Ray*, 502 U.S. 164, 174 (1991). Pursuant to the statute, government agencies are required to search for and promptly make available records that are responsive to requests that reasonably describe the records sought unless such records fall within a specific exemption. *Jabar v. United States Dep't of Justice*, 62 F.4th 44, 49 (2d Cir. 2023); *Long v. Office of Pers. Mgmt.*, 692 F.3d 185, 190 (2d Cir. 2012). Government agencies are under a duty to construe FOIA requests liberally and to construe FOIA's nine exemptions narrowly. *Immigrant Defense Project v. United States Dep't of Homeland Sec.*, 20-CV-10625, 2023 WL 1966178 at *2 (S.D.N.Y. Feb. 13, 2023).

FOIA cases are often resolved by summary judgment. *Seife v. United States Food & Drug Admin.*, 43 F.4th 231, 238 (2d Cir. 2022). On a motion for summary judgement in a FOIA case, the government agency bears the burden of demonstrating that its search was adequate and that any withheld documents fall within an exemption to FOIA. *Carney v. Department of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall

-4-

within an exemption are sufficient to sustain the agency's burden." *Brennan Ctr. for Justice v. United States Immigration & Customs Enf't*, 571 F. Supp.3d 237, (S.D.N.Y. 2021).

To establish that the search was adequate, the agency must demonstrate that the search was "reasonably calculated to uncover all relevant documents within the scope of the FOIA request." *Immigrant Defense Project*, 2023 WL 1966178, at *2, quoting Radcliffe v. Internal Revenue Serv*., 328 Fed. App'x 699, at *1 (2d Cir. 2009). The Court may consider, *inter alia*, the search terms used, the type of search performed, and the nature of the records system or database searched. *Brennan Ctr,* 571 F. Supp.3d at 245. The agency must also establish that they searched all custodians that are reasonably likely to possess responsive documents. *National Day Laborer Organizing Network v. United States Immigration & Customs Enf't*, 877 F. Supp.2d 87, 96 (S.D.N.Y. 2012). If a district court determines that the search was incomplete, it may direct the government agency to conduct additional searches. *Brennan Ctr,* 571 F. Supp.3d at 245.

The Court agrees with ICE that it cannot be compelled to move for summary judgment until ICE is satisfied that it has conducted a search that was reasonably calculated to uncover all of the relevant documents requested by plaintiffs. However, pursuant to its general authority to oversee discovery, the Court directs ICE to provide plaintiffs with a discovery plan that sets forth the custodians/locations that will be searched and the search terms that will be used to identify documents responsive to

each category/subcategory of information requested within each such

custodian/location no later than **June 15, 2023.** This discovery plan shall be updated

monthly to disclose the number of pages that have been identified within each such

category/subcategory and the number of pages that have been produced to plaintiffs

and shall include a *Vaughn*[1] index of documents being withheld or redacted pursuant to

a specified FOIA exemption. Ongoing disclosure of this discovery plan will afford

plaintiffs an opportunity to gauge ICE's progress and to identify any concerns with the

search process that may require Court involvement prior to summary judgment.

       The parties are encouraged to confer regarding priority of

locations/custodians and categories/subcategories to be searched as well as

appropriate search terms that might streamline this litigation.

       Absent a demonstrated lack of diligence by ICE  moving forward, the

Court declines to set a production quota.

       The parties shall file a joint status report with the Court on **December 15,**

**2023** and every three months thereafter**.**

       Depositions of any fact or expert witnesses shall be completed within **30**

**days** of ICE's final production of documents responsive to plaintiffs' FOIA request.

---

[1] *Vaughn v. Rosen,* 484 F.2d 820, 821 (D.C. Cir. 1973).

ICE shall file its dispositive motion, including a *Vaughn* index of withheld and redacted documents, within **60 days** of its final production of documents responsive to plaintiffs' FOIA request.

**SO ORDERED.**

**DATED:**      **Buffalo, New York**
              **April 25, 2023**

                                            *s/ H. Kenneth Schroeder, Jr.*
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**