*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



March 29, 2023

Sarah T. Gillman
Robert F. Kennedy Human Rights
88 Pine St., 8th Floor, Suite 801
New York, NY 10005
gillman@rfkhumanrights.org

**RE:** **Justice for Immigrant Families v. ICE 1:22-cv-00929-LJV**
 **ICE FOIA Case Number 2023-ICLI-00014**
 **First Interim Release**

Dear Ms. Gillman,

This is the first interim response to your Freedom of Information Act (FOIA) requests to U.S. Immigration and Customs Enforcement (ICE), dated March 30, 2022, seeking records regarding the scope and scale of detention in the Buffalo Field Office District ("BFOD") and records regarding the treatment of people detained at Batavia, including accommodations for disabled people; language access and access to justice; safe release practices; adequacy of medical care; solitary confinement practices; officer misconduct and abuse; and conditions of confinement.

ICE has considered this request under the FOIA, 5 U.S.C. § 552, and processed 502 pages of potentially responsive records. Upon review ICE has determined that 84 pages will be released in full and 6 pages will be released in part and in full pursuant to Exemptions 6, 7(C), and 7(E) of the FOIA, 5 U.S.C. § 552 as described below. Please note that 412 pages have been sent to a third party for a submitter's notice. 90 pages have been Bates numbered 2023-ICLI-00014 0001 through 2023-ICLI-00014 0090.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

The ICE FOIA Office applied FOIA Exemption (b)(7)(E) to protect from disclosure an internal law enforcement sensitive investigative technique. The release of this information would disclose investigative techniques and procedures, and could be reasonably expected to risk circumvention of the law.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant U.S. Attorney Scott Sroka (scott.sroka@usdoj.gov).

    Sincerely,

    Meronica D. Stoney
    (A) Deputy FOIA Officer

Enclosure: 90 pages