UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JUSTICE FOR MIGRANT FAMILIES,** *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,**<br><br>*Defendant.* | No.: 1:22-cv-00929-LJV-HKS |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH THE COURT'S APRIL 25, 2023, ORDER**

Plaintiffs submit this reply in support of their motion to compel (the "Motion") Defendant U.S. Immigration and Customs Enforcement ("ICE") to comply with the Court's April 25, 2023, order (the "Order"). Plaintiffs respectfully request that the Court once again order ICE to comply with its Order.

ICE's opposition carries no water because Defendant interchangeably argues that it has complied and at the same time that it cannot comply because what Plaintiffs are requesting "would turn the FOIA litigation process on its head[.]" Oppo. at 2. However, Plaintiffs are requesting nothing more than what this Court's Order requires ICE to do.

ICE—rather than respond to the specific arguments raised by the Motion or the details of ICE's noncompliance therein—argues summarily that it has complied with the Court's Order and that is has "diligently and successfully" provided "relevant records." Oppo. at 2.

ICE then insists that it does not need to comply with the Court's Order because its requirements are allegedly atypical for a FOIA litigation. Plaintiffs' Motion does not ask ICE to engage in an arbitrary discovery process. Rather, it requests that ICE comply with this Court's

Order. The Order has been in effect for ten months and—despite Plaintiffs' diligent attempts to negotiate ICE's compliance—has been ignored by ICE. ICE has neither complied with the Order nor adequately explained its noncompliance; nor, for that matter, has ICE ever moved this Court to reconsider the Order. ICE's rehashing of arguments it has already lost is tempered only by a claim that its "Interim Production Letters" or belated *Vaugh* samplings fulfill the Order's directive for monthly *Vaughn* indexes. Although the samplings do not suffice, they do demonstrate that ICE is in fact capable of complying with the Order should it choose to do so.

If ICE had issues with the Order itself, the proper avenue for recourse was a motion for reconsideration due 28 days after the Order, not refusing to comply with it for over ten months. ICE improperly asks this Court to engage with ICE's stale arguments which were due in a motion for reconsideration on May 23, 2023, many months ago.

## ARGUMENT

### I. ICE'S ARGUMENTS ARE A 9-MONTH-LATE ATTEMPT TO HAVE THE COURT RECONSIDER THE ORDER

As a threshold matter, nearly all of ICE's arguments amount to an untimely motion to reconsider the Court's Order. That Order, however, has been in place for nearly a year, and any such motion to reconsider was required to have been made within 28 days. *See Buczek v. Cotter*, No. 14-CV-1024S, 2016 WL 1316540, at *2 (W.D.N.Y. Apr. 5, 2016). Even were it timely and properly filed as a motion to reconsider, rather than an opposition to a motion to compel, motions to reconsider should not be used as "'a vehicle for relitigating old issues.'" *Id*. at *2 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). ICE solely seeks to relitigate the very issues that were presented to the Court prior to the issuance of its Order. *See* ECF 19. ICE should not be rewarded for its failure to timely make such a motion or for its continued noncompliance with the Order.

II.     **ICE HAS OFFERED NO EXPLANATION FOR ITS FAILURE TO COMPLY WITH THE COURT'S ORDER**

Both of ICE's opposition arguments reiterate what it already argued in the months leading up to the Order: "FOIA does not require ICE to organize documents to facilitate FOIA responses" and "a *Vaughn* index is most appropriately provided during the summary judgment stage of FOIA litigation." Neither argument addresses the only issue raised by the Motion— ICE's noncompliance with the Order.

    a.   **ICE Has Not Explained Why It Cannot Preemptively Provide the Search Terms or the Final Page Counts**

The Order requires ICE to provide "the search terms that will be used to identify documents responsive to each category/subcategory of information requested within each such custodian/location[.]" Order at 5-6. ICE—rather than explain its extended noncompliance— argues with the substance of the Order, asserting that the appropriate time for an agency to demonstrate the adequacy of its searches and search terms is at the summary judgment stage. Oppo. at 7-8. This is neither the purpose of the Motion nor the issue before this Court.

The Court has already considered—and ruled on—when ICE must provide its search terms. The Court's decision is memorialized in the Order. The *only* issue currently before the Court is ICE's noncompliance with the Order. ICE's excuse that the approach is atypical does not justify its noncompliance. *See Ginter Logistics Service Co., Ltd. v. ACH Freight Forwarding, Inc.*, No. 07 Civ 8677(LAP), 2010 WL 4455402, at *2 (S.D.N.Y. Oct. 21, 2010) ("A party is obliged by law to comply with an order of the court unless and until it is stayed or reversed."). ICE should therefore be ordered to comply.

ICE's reliance on *Haitian Bridge Alliance v. U.S. Dep't of Homeland Sec.*, No. 22-cv-8344, 2024 WL 476304 (S.D.N.Y. Feb. 7, 2024) is misplaced. In *Haitian Bridge* there was no order requiring ICE to provide search terms in advance of its productions. Here, there is, and

with good reason. As contemplated by the Order, these search terms would afford Plaintiffs "an opportunity to gauge ICE's progress and to identify any concerns with the search process that may require Court involvement prior to summary judgment." Order at 6. As outlined in Plaintiffs' Motion, ICE's failure to comply with this part of the Order has prevented Plaintiffs from evaluating the search process.

ICE's reliance on *Prison Legal News v. Lappin*, 780 F. Supp. 2d 29 (D.D.C. 2011) is also misplaced. In *Prison Legal News*, plaintiff requested that the Court order the Bureau of Prisons to provide a spreadsheet "showing the dates, types of cases, locations, how resolved, and amounts paid." 780 F. Supp. 2d at 45. The case is inapplicable because the Order here places no such requirement on ICE. ICE pretends that Plaintiffs want ICE to "sift through the records" and "organize them in ways preferable to the Plaintiffs." Oppo. at 8. The Order does not place such requirements on ICE and Plaintiffs have not made such a request. Rather, the Order requires ICE to identify, for each category and subcategory, the search terms in advance, and to each month indicate the number of identified pages for each category and subcategory.

Likewise, ICE's strawman argument—that FOIA does not typically require an agency to identify which documents are responsive to particular categories and subcategories, or to organize the documents, Oppo. at 7—is irrelevant not only because it seeks to rehash the substance of the Order, but *because the Order does not require ICE to engage in either of these tasks*. Instead, the Order only requires ICE to (a) identify in advance the custodian/locations to be searched; (b) identify in advance the search terms for each category/subcategory; and (c) each month provide the number of pages found for each category/subcategory along with a *Vaughn* index of what has been withheld or redacted. *See* Order at 5-6.

ICE is both missing the purpose of the Motion and misstating the contents of the Order.

The purpose of the Motion is to compel compliance with the Order, not to rehash the Order's adequacy.  And the Order does not place on ICE the onerous burdens ICE claims it does.  Instead, it simply requires ICE to identify the search terms that it will use to target each category/subcategory for each custodian/location, and then the number of pages identified for each category/subcategory along with a *Vaughn* index of what has been withheld.  Order at 5-6.

ICE is using search terms to identify documents responsive to certain categories and subcategories; sharing these search terms in advance should not be such an impossible task.  And if ICE believed the Order to be overly burdensome, the proper avenue for recourse would have been a motion to reconsider within 28 days,[1] not a blatant and ongoing refusal to comply.

b. **ICE Has Not Explained Why It Cannot Provide a Monthly *Vaughn* Index**

The Order requires ICE to provide, each month, "a *Vaughn* index of documents being withheld or redacted pursuant to a specified FOIA exemption."  Order at 6 (footnote omitted).  ICE—yet again—argues with the substance of the Order rather than explain its continuing noncompliance.  It asserts, as it did in the months leading up the Order, that it is atypical to provide *Vaughn* indexes earlier than summary judgement.  Oppo. at 9-11.  As with the search terms, the Court has already heard this argument and rejected it in its Order.  And, as with the search terms, an Order still requires compliance.  *Ginter Logistics*, 2010 WL 4455402, at *2.

ICE has provided two types of documents it argues should count as *Vaughn* indexes.  First, it argues that its "Interim Production Letters" meet the requirements of the Order.  Oppo. at 12.  These Letters do not satisfy the requirements of the Order because they merely state that ICE applied "FOIA Exemptions 6 and 7(C)" generally, without identifying the documents for which it is asserting the FOIA exemptions.  *See* Oppo., Ex. 10.  This does not amount to the required

---

[1] Discussed *supra* at §I.

"*Vaughn* index of documents being withheld or redacted pursuant to a specified FOIA exemption." Order at 6 (footnote admitted). ICE's nonspecific statement is hardly an "index" of any sort and does not allow Plaintiffs to assess ICE's progress and identify any concerns. *See* Order at 6. Without knowing the specific grounds that ICE is asserting to redact specific documents, Plaintiffs can neither gauge ICE's progress nor identify any concerns.

Second, ICE argues that small samplings of *Vaughn* indexes should count as full *Vaughn* indexes. Oppo. at 10-11. Without conferring with Plaintiffs, ICE produced such a sampling on February 9, 2024, after Plaintiffs had filed their Motion. This small sampling of the October and November 2023 production contains only 55 pages out of 867 total produced pages for October and November 2023. Although closer to compliance than the Interim Production Letters, a small sampling does not provide Plaintiffs a meaningful opportunity to review the withholdings, as contemplated by the Order. This is especially true given that for every single page included in the *Vaughn* index that contained redacted information, ICE later determined that the redaction was in error. These consistent and pervasive errors demonstrate a clear need for Plaintiffs to be able to review the *full* monthly *Vaughn* index required by the Order, not just a sampling.

This sampling of a *Vaughn* index demonstrates that ICE does in fact have the ability to produce *Vaughn* indexes with its productions. It is not necessary—as ICE argues—to wait until summary judgment.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion and order ICE to comply with the April 25, 2023, Order, as well as any other relief to which Plaintiffs may be entitled.

DATED: March 14, 2024

                                              Respectfully submitted,

                                              By: /s/ Sarah T. Gillman

| | |
|---|---|
| Rene Kathawala (Bar No. 2806651)<br>rkathawala@orrick.com<br>Benjamin Bolnick (Bar No. 5924030)<br>bbolnick@orrick.com<br>Orrick, Herrington & Sutcliffe LLP<br>51 West 52nd Street<br>New York, NY 10019-6142<br>Telephone: (212) 506-5000 | Sarah T. Gillman (Bar No. 3986197)<br>gillman@rfkhumanrights.org<br>Robert F. Kennedy Human Rights<br>88 Pine Street, 8th Floor, Suite 801<br>New York, NY 10005<br>Telephone: (929) 969-8258<br><br>John H. Peng (Bar No. 5751680)<br>jpeng@plsny.org<br>Prisoners' Legal Services of New York<br>41 State Street, Suite M112<br>Albany, New York 12207<br>Telephone: (518) 859-0060 |

                                              *Counsel for Plaintiffs*