UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**Robert F. Kennedy Human Rights,**
**Prisoners' Legal Services of New York,**
**Justice for Migrant Families,**

                                **Plaintiffs,**

v.                                                       **22-CV-00929-LJV-HKS**

**United States Immigration and Customs**
**Enforcement,**

                                **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. #9.

This is a Freedom of Information Act ("FOIA") suit in which plaintiffs seek records from Immigration and Customs Enforcement ("ICE") regarding the treatment of immigrants detained at the Buffalo Service Processing Center ("Batavia"), New York State's largest immigrant detention facility. Dkt. #1, ¶ 1.

Currently before the Court is plaintiffs' motion to compel (Dkt. #23).

## **BACKGROUND**

The administrative background of this matter was set forth in a prior Decision and Order of this Court, and it is incorporated here. Dkt. #21.

On April 25, 2023—after the parties were unable to agree on a schedule for ICE to produce documents responsive to plaintiffs' FOIA request—this Court entered a Decision and Order requiring ICE to provide plaintiffs with a discovery plan "that sets forth the custodians/locations that will be searched **and the search terms** that will be used to identify documents responsive to each category/subcategory of information requested within each such custodian/location no later than **June 15, 2023**." Dkt. #21, pp. 5-6 (first emphasis added).

The Court further ordered ICE to update the discovery plan monthly "to disclose the number of pages that have been identified within each such category/subcategory and the number of pages that have been produced to plaintiffs and shall include a *Vaughn* index of documents being withheld or redacted pursuant to a specified FOIA exemption." Dkt. #21, p. 6. The Court noted that the purpose of these requirements was to enable plaintiffs "to gauge ICE's progress and **to identify any concerns with the search process that may require Court involvement prior to summary judgment**." *Id.* (emphasis added).[1]

---

[1] ICE made one production to plaintiffs prior to this Decision and Order, on March 29, 2023. Dkt. #23-2, p. 52.

On June 15, 2023, ICE filed its discovery plan. Dkt. #22. That plan did not comply with the Court's order because it did not include the search terms that would be used to identify responsive documents. *Id.*

ICE made additional productions to plaintiffs on May 1, May 31, June 15, and July 17, 2023. Dkt. #23-2, p. 52.

On July 19, 2023, plaintiffs' counsel emailed ICE's counsel regarding the lack of search terms in its discovery order and other deficiencies in its productions, including its failure to provide *Vaughn* indices and its failure to disclose the number of pages of documents identified for each category and sub-category of plaintiffs' requests. Dkt. #23-2, pp. 5-6.

After some delay, ICE's counsel responded to plaintiffs' counsel by email on August 4, 2023, attaching a revised discovery plan. Dkt. #23-2, pp. 28-29, 52-65. ICE's email stated that it was "impossible" to provide information regarding search terms because "it mostly does not yet exist." Dkt. #23-2, p. 28. ICE further stated that it was customary to provide *Vaughn* indices at the summary judgment stage, and if plaintiffs would agree to that, ICE would increase its monthly records processing to 600 pages a month. Dkt. #23-2, p. 29.

Plaintiffs' counsel then informed ICE's counsel that ICE was in violation of the Court's April 23, 2023 order, and the parties continued to debate the sufficiency of ICE's productions. Dkt. #23-2, pp. 21-26.

Counsel held a meet and confer on September 1, 2023, although follow-up correspondence reflects little to no change in the parties' positions. Dkt. #23-2, pp. 19-20.

On September 15, 2023, ICE emailed plaintiff's counsel a discovery update, including search terms from three ICE divisions tasked with responding to plaintiffs' FOIA requests. Dkt. #23-2, pp. 18-19. However, the search terms did not indicate to which category or sub-category of plaintiffs' requests they applied. Dkt. #23-2, pp. 67-68.

Subsequent communications again proved unproductive, Dkt. #23-2, pp. 33-37, and on November 22, 2023, plaintiffs' counsel emailed ICE's counsel stating that plaintiffs intended to file a motion to compel. Dkt. #23-2, pp. 32-33.

## **DISCUSSION AND ANALYSIS**

"District courts and magistrate judges have ongoing power to enforce a prior order requiring the disclosure of information by interpreting the order and by making modifications necessary to carry out its essential terms." *City of New York v. Beretta U.S.A. Corp.*, 228 F.R.D. 147, 155 (E.D.N.Y. 2005) (citation omitted). "A valid order cannot be frustrated by reiterated challenges and misinterpretations without destroying the court's jurisdictional power to ensure that its decisions are expeditiously followed and respected by the parties." *Id.*

ICE's central argument in opposition to plaintiffs' motion to compel is the same it made over a year ago, before the Court's order: that FOIA cases are generally resolved on summary judgment. *Compare* Dkt. #19, p. 3, *with* Dkt. #29, p. 5. However, this "reiterated challenge," *Beretta*, 228 F.R.D. at 147, does not excuse ICE's attempt to decide unilaterally whether—and when, and in what respects—to comply with this Court's order. As plaintiffs point out, ICE never asked the Court to reconsider or modify that order. Instead, ICE repeatedly failed to comply with it—in the face of plaintiffs' objections—for six months until plaintiffs filed the instant motion.

Second, that the legal adequacy of ICE's ultimate response to plaintiffs' FOIA requests may be determined on summary judgment does not obviate the Court's duty to ensure the "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. *See* Dkt. #21, p. 5 ("The Court agrees with ICE that it cannot be compelled to move for summary judgment until ICE is satisfied that it has conducted a search that was reasonably calculated to uncover all of the relevant documents requested by plaintiffs.").

The Court explained in its order the reason for the search-term, *Vaughn*-index, page-number, and monthly-update requirements: to "afford plaintiffs an opportunity to gauge ICE's progress and to identify any concerns with the search process **that may**

***require Court involvement prior to summary judgment***." Dkt. #21, p. 6. The efficiency of resolving potential disputes as they arise should be evident.[2]

Specifically regarding search terms, while a federal agency has discretion to craft terms it believes are reasonably tailored to uncover documents responsive to a FOIA request, a court must be provided with the search terms so that it can evaluate the adequacy of defendant's search. *Roseberry-Andrews v. Dep't of Homeland Sec.*, 299 F. Supp.3d 9, 24 (D.D.C. 2018) (citations omitted). Similarly, requiring ICE to provide plaintiffs with such search terms as they are created—including the request category and subcategories in which ICE intends to use them—will allow the parties to discuss any potential risk of over or under-inclusiveness that the terms may pose.[3]

By similar reasoning, provision of a *Vaughn* index will allow the parties to attempt to resolve any disputes regarding the basis for ICE's withholding of responsive documents.

For all these reasons, the Court finds plaintiffs' motion to compel well taken, and it will be granted in all respects. ICE shall comply with all provisions of this Court's prior order. Dkt. #21.

---

[2] ICE acknowledge this rationale in its memorandum preceding the Court's order. Dkt. #19, p. 4 (noting that requiring periodic status reports during the production process keeps the Court apprised of the progress of the case" so it "can resolve any issues that arise in the interim").
[3] This does not, as ICE argues, require it to create a document that does not exist or identify which documents are responsive to specific requests. Dkt. #29, p. 7. Rather, ICE must only share with plaintiffs—and ultimately, the Court—the terms it crafted to search for documents.

## CONCLUSION

Consistent with this decision, plaintiff's motion to compel (Dkt. #23) is granted.

**SO ORDERED.**

DATED:   Buffalo, New York
April 19, 2024

                                 _s/ H. Kenneth Schroeder, Jr._
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**