IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTICE FOR MIGRANT FAMILIES, PRISONERS' LEGAL SERVICES OF NEW YORK, and ROBERT F. KENNEDY HUMAN RIGHTS,<br><br>   Plaintiffs,<br><br>   v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>   Defendant. | Civil Action No. 1:22-CV-929-LJV-HKS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO USE A REPRESENTATIVE SAMPLE *VAUGHN* INDEX**

Defendant U.S. Immigration and Customs Enforcement (ICE) respectfully moves for an Order permitting ICE to select and submit, and directing the parties to use, a representative sample index ("Sample Index"), pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973) for the parties' anticipated motions for summary judgment.

**PRELIMINARY STATEMENT**

In this Freedom of Information Act (FOIA) case, Plaintiffs submitted FOIA requests to ICE comprising 24 separate requests, encompassing 132 sub-categories of requested records, which has so far resulted in ICE processing approximately 9,000 pages of potentially responsive records over the course of 16 interim releases. Nearly 5,000 of these pages contain withholdings (also to date, 1,642 pages of these records have been sent to third parties for submitter's notices). ICE estimates that there are approximately 12,000 additional pages of potentially responsive records remaining to process. Therefore, to prepare a *Vaughn* Index of

the total production, ICE anticipates it would have to rereview more than 12,500 pages it will ultimately produce containing withholdings and include each redaction contained therein in that index. Given this large volume of pages at issue in this case, a review of each page would be excessive and consume a significant amount of ICE's resources, along with the parties' and Court's resources and time on summary judgment.

## PROPOSED SAMPLING PROCEDURE TO CREATE SAMPLE INDEX

Due to the volume of records that otherwise would need to be addressed in a *Vaughn* Index, Defendant requests leave to select and submit the Sample Index according to the following terms. First, ICE would address in the monthly Sample Index every 25th page of ICE records produced that contained withholdings. ICE will then review these pages to ensure that there is at least one withholding on each page of the pages that are reviewed. For example, if page 25 was released in full, ICE will proceed to the 26th page to review, then to page 50.

## ARGUMENT

Courts, including the Second Circuit, "have eschewed rigid adherence to any particular indexing format under the *Vaughn* standard, opting instead for a functional approach." *Halpern v. FBI*, 181 F.3d 279, 291 (2d Cir. 1999) (citations omitted). "Representative sampling is an appropriate procedure to test an agency's FOIA exemption claims when a large number of documents are involved." *Chaverra v. ICE*, Civil Action No. 18-289 (JEB), 2023 WL 6291642, at *1 (D.D.C. Jul. 31, 2023) (quoting *Bonner v. Dep't of State*, 928 F.2d 1148, 1151 (D.C. Cir. 1991)); *see also* U.S. Dep't of Just., *Guide to the Freedom of Information Act* at 782-83 (2009 ed.), https://perma.cc/Q8VV-B29D. "Sampling transforms 'a voluminous FOIA exemption case [into] a manageable number of items that can be

2

evaluated individually through a *Vaughn* index,' and a well-chosen sample can still be extrapolated from 'with some confidence.'" *Chaverra*, 2023 WL 6291642, at *1 (quoting *Bonner*, 928 F.2d at 1151); *see also Neely v. FBI*, 208 F.3d 461, 467 (4th Cir. 2000) (referring to "the well-established practice . . . of randomly sampling the documents in question"); *Jones v. FBI*, 41 F.3d 238, 242 (6th Cir. 1994) (approving sample comprising two percent of total number of documents at issue); *Schoenman v. FBI*, 604 F. Supp.2d 174, 196 (D.D.C. 2009) ("As is particularly relevant here, '[r]epresentative sampling is an appropriate procedure to test an agency's FOIA exemption claims when a large number of documents are involved.'").[1]

In *Chaverra*, the District Court for the District of Columbia recently held that "[a] full *Vaughn* Index would unnecessarily burden 'the limitations of time and resources that constrain agencies, courts, and FOIA requesters alike.'" 2023 WL 6291642, at *1 (quoting *Bonner*, 928 F.2d at 1151. The court found that "representative sampling can be appropriate 'when a large number of documents are involved,' as this enables 'the court and the parties to reduce a voluminous FOIA exemption case to a more manageable number of items that can be evaluated individually through a *Vaughn* index.'" *Id*.

Courts have approved of sampling when, as here, "the number of withheld documents reaches into the thousands." *Chaverra*, 2023 WL 6291642, at *2 (citing *Competitive Enterprise Inst. v. EPA*, No. 12-1617, 2013 WL 12453279 (D.D.C. Jun. 27, 2013) (approving random sample where agency fully withheld 1,416 documents); *Schoenman v. FBI*, 763 F. Supp.2d 173,

---

[1] In *Bonner*, the court approved a sample that included 63 of 1,033 potentially withheld documents. 928 F.2d at 1149. In *Meeropol v. Meese*, 790 F.2d 942 (D.C. Cir. 1986), the sample contained 1 percent of 20,000 totally or substantially withheld documents, and none of the documents the agency had partially withheld. *See id.* at 948, 956-57. In *Weisberg v. Dep't of Just.*, 745 F.2d 1476 (D.C. Cir. 1984), the court eventually approved a sampling of 93 documents totaling 400 pages. *See id.* at 1489-90 (sampling of every 200th page out of 60,000). *Chaverra*, 2023 WL 6291642, at *1.

180 (D.D.C. 2011) (approving of sample of 402 pages of 3,987 documents); *Peay v. DOJ*, No. 04-1859, 2007 WL 788871, at *1 (D.D.C. Mar. 14, 2007) (approving of a sample of 315 pages out of approximately 3,887 documents); *All. Defending Freedom v. IRS*, No. 15-525 (D.D.C. Dec. 22, 2016), ECF No. 23 (finding "that 10, 850 fully withheld pages is sufficiently voluminous to permit a sample *Vaughn* Index in lieu of a complete *Vaughn* Index")).

Here, ICE proposes to include every 25th page of records produced monthly in this case that contain withholdings in the monthly Sample Index. So far, the ratio of sampled records – 200 pages of records out of 5,000 pages that contained withholdings – equals 4 percent. Therefore, on a monthly basis, every 25th page out of a 500-page production equals 4 percent. Even if every page of the remaining 12,000 pages contained total or partial withholdings, the ratio of the total sampled records – 680 pages of records out of 17,000 total pages – would remain 4 percent.

The Court can be assured that the Sample Index ICE proposes will suffice to test ICE's FOIA exemptions such that the Court can apply its findings on those exemptions to the larger group of withheld materials. The sample size of 4 percent of all pages of records with withholdings produced in this matter is consistent with precedent. *See Weisberg*, 745 F.2d 1476, 1490 (D.C. Cir. 1984) (approving use of random sample constituting two percent of withheld material for *Vaughn* index); *see also Meeropol*, 790 F.2d at 959 (affirming a 1% sample of over 300 documents in conjunction with relatively detailed affidavits); *All. Defending Freedom*, No. 15-0525 (D.D.C.), at ECF No. 23 (allowing for a 2% random sample of over 10,000 documents withheld in full but noting "the Court retains the authority to order the filing of an improved Vaughn Index" if needed); *Shurtleff v. EPA*, Civ. A. No. 10-2030 (EGS) (D.D.C. May 25, 2011), ECF No. 18 (allowing for a 5% random sample of over 9,393

4

records). Specifically, ICE proposes to address up to 680 pages in its Sample Index by including every 25th page of the 17,000 pages to be produced to Plaintiffs in this matter, which sums to approximately 4 percent of all records produced in this matter.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant's request to select and submit a representative-sample *Vaughn* index and an order directing the parties to use the same on summary judgment.

DATED: Buffalo, New York, June 14, 2024

                                        TRINI E. ROSS
                                        United States Attorney

BY:      S/Scott Leeson Sroka
           SCOTT LEESON SROKA
           Assistant United States Attorney
           United States Attorney's Office
           Western District of New York
           138 Delaware Avenue
           Buffalo, New York 14202
           scott.sroka@usdoj.gov
           (716) 843-5831