UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JUSTICE FOR MIGRANT FAMILIES**, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,**<br><br>*Defendant.* | No.: 1:22-cv-00929-LJV-HKS |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S UNTIMELY MOTION TO RECONSIDER REGARDING *VAUGHN* INDICES**

Plaintiffs submit this opposition to Defendant's motion (ECF No. 33) to permit ICE to select and submit to Plaintiffs a "sample index" describing every twenty-fifth page of its production, rather than the index the Court has now twice ordered ICE to provide—once in April of last year (ECF No. 21) and again in April of this year (ECF No. 32). This Court has already rejected the arguments raised in ICE's latest attempt to further delay complying with this Court's orders, which it has ignored for more than fourteen months now. ICE also continues to ignore Plaintiffs' repeated attempts—also per this Court's orders—to confer with the agency about its search and ways to streamline this case for everyone's benefit, further underscoring ICE's indifference to its legal obligations. Defendant's motion should be denied, and the Court should consider sanctioning ICE to deter further contempt of this Court's orders.

**STATEMENT OF RELEVANT PROCEDURAL HISTORY**

On December 1, 2022, Plaintiffs filed this case to compel ICE to respond to their Freedom of Information Act ("FOIA") Request that was submitted eight months earlier to which ICE had not responded. ECF No. 1.

Pursuant to the Case Management Order filed in February 2023, the parties briefed issues relating to document production. Plaintiffs explained that "[a]ddressing the adequacy of Defendant's search now is virtually certain to significantly shorten this litigation, as it would ensure a reasonable fit between the search conducted and the records requested." ECF No. 18 at 4. Plaintiffs predicted that otherwise, ICE's search could prove overinclusive, "wasting months or years of agency resources processing largely nonresponsive records;" keeping Plaintiffs waiting unnecessarily for responsive documents; and prolonging this case's unnecessary tenure on the Court's docket. *Id*.

Following briefing, in April 2023 the Court directed "ICE to provide plaintiffs with a discovery plan that sets forth the custodians/locations that will be searched and the search terms that will be used to identify documents responsive to each category/subcategory of information requested within each such custodian/location no later than June 15, 2023." ECF No. 21 at 5 (emphasis omitted). The Court also instructed that "[t]his discovery plan shall be updated monthly to disclose the number of pages that have been identified within each such category/subcategory and the number of pages that have been produced to plaintiffs and shall include a *Vaughn* index of documents being withheld or redacted pursuant to a specified FOIA exemption." *Id.* at 6 (footnote omitted). Finally, the April 2023 order noted that "[o]ngoing disclosure of this discovery plan will afford plaintiffs an opportunity to gauge ICE's progress and to identify any concerns with the search process that may require Court involvement prior to summary judgment." *Id.*

Despite this Court's unambiguous language, ICE refused to comply with the April 2023 order. After more than six months of noncompliance, Plaintiffs requested an order compelling ICE to comply. This Court granted Plaintiffs' motion, directing ICE in its April 2024 order (ECF No. 32) to comply with the terms of the April 2023 order.

## ARGUMENT

The Court has already considered and rejected ICE's arguments. In opposing Plaintiffs' motion to compel, ICE argued that it should instead be permitted to produce *Vaughn* indices with just a sampling of records. *See* ECF No. 29, Def.'s Opp'n at 10-11. This Court already denied that request. *See* ECF No. 32.

ICE nevertheless renews that argument, asking this Court to reconsider both its April 2023 and April 2024 orders. Given that ICE has had multiple opportunities to make these requests, and has in fact done so, it has no excuse for continuing to waste this Court's time. ICE's motion should be denied as an untimely motion to reconsider. *See Buczek v. Cotter*, No. 14-CV-1024S, 2016 WL 1316540, at *2 (W.D.N.Y. Apr. 5, 2016). Even had it been timely, however, ICE's motion would still be improper, as motions to reconsider are *not* to be used as "'a vehicle for relitigating old issues.'" *Id*. (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's motion, as well as any other relief to which Plaintiffs may be entitled.

DATED: June 27, 2024

Respectfully submitted,

By: */s/Sarah T. Gillman*

Sarah T. Gillman (Bar No. 3986197)
gillman@rfkhumanrights.org
Robert F. Kennedy Human Rights
88 Pine Street, 8th Floor, Suite 801
New York, NY 10005
Telephone: (646) 289-5593

Rene Kathawala (Bar No. 2806651)
rkathawala@orrick.com
Benjamin Bolnick (Bar No. 5924030)
bbolnick@orrick.com
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000

John H. Peng (Bar No. 5751680)
jpeng@plsny.org
Prisoners' Legal Services of New York
41 State Street, Suite M112
Albany, New York 12207
Telephone: (518) 859-0060

*Counsel for Plaintiffs*

4