IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTICE FOR MIGRANT FAMILIES, PRISONERS' LEGAL SERVICES OF NEW YORK, and ROBERT F. KENNEDY HUMAN RIGHTS, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, <br><br> Defendant. | Civil Action No. 1:22-CV-929-LJV-HKS |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO USE A REPRESENTATIVE SAMPLE *VAUGHN* INDEX**

Defendant U.S. Immigration and Customs Enforcement (ICE) respectfully submits this Reply Memorandum in Further Support of ICE's Motion to Use a Representative Sample *Vaughn* Index (ECF No. 33). Plaintiffs' specious arguments that ICE is delaying compliance with the Court's April 19, 2024, Decision and Order ("D&O") (ECF No. 32) lack merit and should be rejected outright. In the D&O, the Court cited its April 25, 2023, Order (ECF No. 21), directing ICE to provide Plaintiffs with a monthly *Vaughn* Index "of documents being withheld or redacted pursuant to a specified FOIA exemption." ECF No. 32 at 2 (citing ECF No. 21 at 6).

In ICE's Response to Plaintiffs' Motion to Compel, ICE addressed the appropriate *form* of a "rolling" *Vaughn* Index, which would be produced prior to any motions for summary judgment being filed by the parties. ICE stated that "due to the voluminous requests made by the Plaintiffs, it would be necessary to use representative samplings of the withheld

documents." ECF No. 29 at 10 (citing, *inter alia*, *Neely v. FBI*, 208 F.3d 461, 467 (4th Cir. 2000) (referring to "the well-established practice . . . of randomly sampling the documents in question"); *Schoenman v. FBI*, 604 F. Supp.2d 174, 196 (D.D.C. 2009) (noting that "representative sampling is an appropriate procedure to test an agency's FOIA exemption claims when a large number of documents are involved")).

In the D&O, the Court did not address the *form* of ICE's rolling *Vaughn* Indices. Therefore, ICE filed the instant motion to clarify the Court's D&O and to establish that, in this case, a representative sample index is appropriate.

## THE COURT SHOULD ALLOW ICE TO USE A REPRESENTATIVE SAMPLE INDEX

There is no set formula for a *Vaughn* Index; instead, courts have held that it is the function, not the form that is important. The Second Circuit has "eschewed rigid adherence to any particular indexing format under the *Vaughn* standard, opting instead for a functional approach." *Borowski v. CBP*, 1:23-CV-00257 EAW, 2024 WL 2099268, at *7 (W.D.N.Y. May 10, 2024) (quoting *Halpern v. FBI*, 181 F.3d 279, 291 (2d Cir. 1999)). *See also People for the Am. Way Found. v. Nat'l Park Serv.*, 503 F. Supp.2d 284, 294 (D.D.C. 2007) ("The adequacy of a *Vaughn* Index is not defined by its form, but rather its substance.").

A representative sample *Vaughn* Index is a well-established and appropriate form for an agency to justify its withholdings. *Chaverra v. ICE*, Civil Action No. 18-289 (JEB), 2023 WL 6291642, at *2 (D.D.C. Jul. 31, 2023) ("Random sampling has . . . been widely approved by courts as an acceptable means of achieving a representative sample.") (citations omitted); *Hornbeck v. U.S. Coast Guard*, No. 04-1724, 2006 WL 696053, at *6 (D.D.C. Mar. 20, 2006) ("When dealing with voluminous records, a court will sanction an index . . . that describes only a representative sample of the total number of documents.").

In *Chaverra*, ICE, "[d]aunted by the prospect of itemizing withholdings for nearly 7,000 pages . . . move[d] for authorization to use a sample *Vaughn* Index instead." 2023 WL 6291642, at *1. The court "agree[d] that representative sampling is appropriate," and that "a full *Vaughn* Index would unnecessarily burden 'the limitations of time and resources that constrain agencies, courts, and FOIA requesters alike.'" *Id*. (quoting *Bonner v. Dep't of State*, 928 F.2d 1148, 1151 (D.C. Cir. 1991)).

Here, of the records produced by ICE to Plaintiffs *so far*, approximately 5,000 pages contain withholdings, and ICE estimates that by the time summary judgment motions are filed it could have to review more than 12,500 pages and all of the redactions contained therein. This is not a wise use of the resources of the parties or the Court.

Since the D&O, ICE has produced *Vaughn* Indices with each production of records made to Plaintiffs going forward and has begun preparing and providing *Vaughn* Indices retroactively for previous productions. Most recently, on July 1, 2024, ICE provided Plaintiffs with a rolling *Vaughn* Index for its June 2024 production.

Since the Court's D&O, ICE has been in compliance with the Court's Order and is seeking clarification as to the form of the indices it provides. Plaintiffs seem to refuse to take "yes" for an answer and persist in demanding unreasonable terms for ICE to justify its withholdings. The Court should not indulge this excess and allow ICE to continue to provide representative sample *Vaughn* Indices.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in the original motion, the Court should grant Defendant's request to select and submit a representative-sample *Vaughn* index and an issue an order directing the parties to use the same on summary judgment.

DATED: Buffalo, New York, July 5, 2024

                                                  TRINI E. ROSS
                                                  United States Attorney

               BY:     S/Scott Leeson Sroka
                          SCOTT LEESON SROKA
                          Assistant United States Attorney
                          United States Attorney's Office
                          Western District of New York
                          138 Delaware Avenue
                          Buffalo, New York 14202
                          scott.sroka@usdoj.gov
                          (716) 843-5831