UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**Robert F. Kennedy Human Rights,
Prisoners' Legal Services of New York,
Justice for Migrant Families,**

        **Plaintiffs,**

v.                   **22-CV-00929-LJV-HKS**

**United States Immigration and Customs
Enforcement,**

        **Defendant.**
_____

### DECISION AND ORDER

    This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1)(A), for all pretrial matters. Dkt. #9.

    This is a Freedom of Information Act ("FOIA") action in which plaintiffs seek records from Immigration and Customs Enforcement ("ICE") regarding the treatment of immigrants detained at the Buffalo Service Processing Center ("Batavia"), New York State's largest immigrant detention facility. Dkt. #1, ¶ 1.

    Currently before the Court is defendant's motion to use a representative sample *Vaughn* index. Dkt. #33.

## **BACKGROUND**

The background of this matter was set forth in two prior Decisions and Orders of this Court, and it is incorporated here. Dkt. ##21, 32.

Briefly, on April 25, 2023, the Court entered a Decision and Order requiring defendant to provide plaintiffs with a discovery plan and subsequent monthly updates stating, *inter alia*, the number of pages identified by defendant that are responsive to plaintiffs' FOIA requests. Dkt. #21. This order further required defendant to provide in the monthly updates "a *Vaughn* index of documents being withheld or redacted pursuant to a specified FOIA exemption." Dkt. #21, p. 6.

On December 7, 2023—after informal efforts to resolve disputes regarding defendant's productions failed—plaintiffs filed a motion to compel. Dkt. #23. In a status report filed on December 15, 2023, defendant stated that it had made nine document productions to plaintiffs between March 29, 2023 and December 13, 2023, and that from the December 2023 production forward, it would provide *Vaughn* indices based on twenty randomly selected pages per production. Dkt. #25.

In opposition to plaintiff's motion to compel, defendant argued, in part, that it should not be required to provide a *Vaughn* index until the summary judgment stage. Dkt. #29, p. 10. It also argued in the alternative that, should it be required to provide

*Vaughn* indices with its monthly productions, the large volume of records would require it to use representative samplings of the withheld documents. *Id.*

By Decision and Order filed April 19, 2024, the Court granted plaintiffs motion, noting that "provision of a *Vaughn* index will allow the parties to attempt to resolve any disputes regarding the basis for ICE's withholding of responsive documents." Dkt. #32, p. 6. However, the Court did not address the representative sampling issue or specify the form of the *Vaughn* indices.

Defendant now states that in its May and June 2024 productions, it provided *Vaughn* indices based on random samplings of every twenty-fifth page of withheld documents, and it also states that it intends to provide similar indices retroactively for past productions "as they become available." Dkt. #34, p. 3.

## DISCUSSION AND ANALYSIS

### ***Vaughn* Indices**

"In any FOIA case, the Court must bear in mind that FOIA was drafted to promote disclosure of governmental information." *Cox v. Dep't of Just.*, 504 F. Supp.3d 119, 127 (E.D.N.Y. 2020).

"At the same time, the statute enumerates exemptions, which serve to protect specified confidentiality and privacy interests." *Id.* (citation and internal quotation marks omitted). "These exemptions are the primary means by which an agency may avoid

production of records subject to FOIA; unless the requested material falls within one of these nine statutory exemptions, FOIA requires that records and materials in the possession of federal agencies be made available on demand to any member of the general public." *Id.*

"In *Vaughn v. Rosen*, the D.C. Circuit held that agencies must provide more than conclusory and generalized allegations of exemptions, but rather relatively detailed analysis in manageable segments explaining the basis for their claimed exemptions." *Id.* at 128 (citation and internal quotation marks omitted).

An agency will thus use a "*Vaughn* index" or "*Vaughn* affidavit" to outline its claimed exemptions. *Id.* "While there is no set form for a *Vaughn* index, the agency should describe the documents with as much information as possible without thwarting the exemption's purpose and provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Id.* See also *Radar Online LLC v. Fed. Bureau of Investigation*, 692 F. Supp.3d 318, 334 n. 5 (S.D.N.Y. 2023) ("A *Vaughn* index is an affidavit that specifically describes the withheld or redacted documents and justifies, in detail, why each withheld record that would be responsive to the request is exempt from disclosure under FOIA.") (citations and internal quotation marks omitted); *Borowski v. U.S. Customs and Border Prot.*, — F. Supp. 3d —, 1:23-CV-00257, 2024 WL 2099268, at *8 (W.D.N.Y. May 10, 2024) (*Vaughn* index lists "the titles and descriptions of [agency] records to identify responsive documents and discharge its

obligations to assert any claimed FOIA exemptions to the various documents withheld") (citations and internal quotation marks omitted).

"Given its purpose, the Second Circuit has explained that a *Vaughn* affidavit should provide a 'fact-specific justification that either (a) would permit appellant to contest the affidavit in an adversarial fashion, or (b) would permit a reviewing court to engage in effective *de novo* review of the [withheld] information.'" *Cox*, 504 F. Supp.3d at 128 (quoting *Halpern v. F.B.I.*, 181 F.3d 279, 293 (2d Cir. 1999)).

### **Representative Sampling in *Vaughn* Indices**

In FOIA cases involving a large volume of responsive documents, "[r]epresentative sampling is an appropriate procedure to test an agency's FOIA exemption claims." *Chaverra v. U.S. Immigr. And Customs Enf't*, Civil Action No. 18-289 (JEB), 2023 WL 6291642, at *1 (D.D.C. July 31, 2023) (citation and internal quotation marks omitted). "Sampling transforms a voluminous FOIA exemption case [into] a manageable number of items that can be evaluated individually through a *Vaughn* index, and a well-chosen sample can still be extrapolated from with some confidence." *Id.* See also *Boundaoui v. Fed. Bureau of Investigation*, No. 17 CV 4782, 2024 WL 2019532, at *4 (N.D. Ill. May 3, 2024) (collecting cases and noting that "representative sampling is commonly accepted in FOIA cases").

In *Chaverra*, the court cited cases dating back to the 1980s in which courts have approved random sampling of voluminous FOIA productions as an acceptable

means of scrutinizing the agency's claimed exemptions, noting that in such situations requiring a "full *Vaughn* index would unnecessarily burden the limitations of time and resources that constrain agencies, courts, and FOIA requesters alike." *Chaverra*, 2023 WL 6291642, at *1 (citation and internal quotation marks omitted). The cases cited in *Chaverra* endorsed samplings ranging from 1% to 10% of withheld documents, and the court approved ICE's proposed 7% sampling methodology. *Id.*

Here, defendant notes that it has, to date, produced approximately 9,000 potentially responsive documents, and that nearly 5,000 of those documents contain withholdings. Dkt. #33-1, p. 1. It further states that there are approximately 12,000 additional pages of potentially responsive records still to process. *Id.* This would result in a production of approximately 21,000 pages, which is clearly "voluminous" under the above authority.[1]

To conserve limited agency resources, defendant proposes that it provide a representative sampling of every twenty-fifth page of responsive records that contain withholdings. Dkt. #33-1, p. 2.  Given that 5,000 pages of the approximately 9,000 pages produced to date contain withholdings, defendant's proposed sampling would result in a

---

[1] The Court notes that there is an inconsistency in defendant's memorandum. It first states that its production will total approximately 21,000 pages (9,000 + 12,000), Dkt. #33-1, p. 1, but it later states that its production will total approximately 17,000 pages. Dkt. #33-1, 5. It is unclear whether this is a scrivener's error, but the difference is immaterial because either number represents a voluminous production.

4% representative sampling of the pages for which defendant claims exemptions.[2] This is well within the authorities discussed above. *Chaverra*, 2023 WL 6291642, at *1.

Plaintiffs oppose defendant's motion, but they cite no contrary authority. Plaintiffs simply argue that defendant is disregarding the Court's orders and that its current motion is a belated motion for reconsideration. Dkt. #35. The Court disagrees.

Defendant is correct when its states in its reply brief that the Court's prior orders "did not address the *form* of ICE's rolling *Vaughn* Indices." Dkt. #36, p. 2. Allowing the proposed representative sampling should, in fact, bring this matter to an earlier resolution and afford plaintiffs the relief they seek: obtaining the agency documents in question.

Plaintiffs will have ample opportunity on summary judgment to challenge all claimed exemptions, an issue on which defendant bears the burden. *Cox*, 504 F. Supp.3d at 151. *See also CLEAR v. U.S. Customs and Border Prot.*, No. 19-CV-7079 (RER), 2022 WL 16636686, at *4 (E.D.N.Y. Nov. 2, 2022) ("The burden to establish that a FOIA exemption protects information from disclosure sits squarely with the agency seeking to withhold responsive records.") (citation omitted).

---

[2] $(5{,}000 \div 25) \div 5{,}000 = .04$.

## CONCLUSION

Consistent with this decision, defendant's motion to use a representative sample *Vaughn* index (Dkt. #33) is granted.

**SO ORDERED.**

DATED: Buffalo, New York
August 28, 2024

                                              **s/ H. Kenneth Schroeder, Jr.**
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**